NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Washington DC corporation, | No. 16-16952 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01811-JLT |
| v. | MEMORANDUM* |
| YARBROUGH PLASTERING, INC., a California corporation; RICKY LEE YARBROUGH, an individual, | |
| Defendants-Appellees. | |
| and | |
| DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC, a California limited liability company, | |
| Counter-defendant, | |

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a Washington DC corporation, | No. 16-17141 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 1:15-cv-01811-JLT |

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC, a California limited liability company,

Counter-defendant,

v.

YARBROUGH PLASTERING, INC., a California corporation and RICKY LEE YARBROUGH, an individual,

Defendants-counter-claimants-Appellees.

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted June 11, 2018
San Francisco, California

Before:  SILER,[**] PAEZ, and IKUTA, Circuit Judges.

ProBuilders Specialty Insurance Company appeals the district court's grant of summary judgment in favor of Yarbrough Plastering, Inc., and its owner, Ricky Lee Yarbrough.  Beginning in 2003, ProBuilders issued five insurance policies to Yarbrough, a drywall and stucco contractor.  The policies covered, among other

---

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

things, claims for indemnity made against Yarbrough. The policies also required that Yarbrough pay a separate deductible for "each and every claim . . . irrespective of the number of claims which may be joined in any one suit."

During the policy periods, Lenox Homes hired Yarbrough to perform stucco and drywall work on several large residential developments in Bakersfield, California. Lenox paid Yarbrough at least $6,000 for its work on each home. Eventually, 636 homeowners filed three separate lawsuits against Lenox in state court, alleging a litany of construction defects, including defects in the stucco work. By way of three cross-complaints for indemnity, Lenox impleaded its subcontractors, including Yarbrough.

Yarbrough tendered the cross-complaints to ProBuilders, which eventually settled the claims against Yarbrough for $1.4 million—about $2,000 per home. ProBuilders then filed this declaratory judgment action, seeking reimbursement of the entire settlement amount from Yarbrough. ProBuilders alleges that, under the "per-claim" deductible policies, Yarbrough owes a separate deductible for each of the 636 homes at issue in the three homeowners' suits. Because the $2,000 per-home settlement falls below the deductible—either $4,000 or $10,000, depending on the applicable policy—ProBuilders says Yarbrough is obligated to reimburse it for the entire $1.4 million settlement.

We agree with Yarbrough and the district court that only three deductibles are due—one corresponding to each of ProBuilders' cross-complaints for indemnity. The policies specify that a separate deductible is due for each claim and contemplate that multiple claims can be joined in a suit. However, the policies do not specify whether, when an indemnity claim is made against the insured, the operative "claim" is the homeowner's claim against the general contractor or the general contractor's claim against the subcontractor. Both constructions are reasonable and are supported by the policy language. The policies are therefore ambiguous on this point. *See In re K F Dairies, Inc. & Affiliates*, 224 F.3d 922, 926 (9th Cir. 2000) (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 855 P.2d 1263, 1271 (Cal. 1993)).

When confronted with an ambiguous policy provision, courts applying California law must resolve the ambiguity "by looking to the expectations of a reasonable insured"; if ambiguity still remains, courts then construe the policy against the insurer. *See id.* (citing *Bay Cities*, 855 P.2d at 1276 (Kennard, J. concurring); *AIU Ins. Co. v. Superior Ct. of Santa Clara Cty.*, 799 P.2d 1253, 1264 (Cal. 1990)). Here, the district court correctly concluded that, in the specific scenario where Yarbrough was sued only by Lenox for indemnity, it was not unreasonable for Yarbrough to believe that only three deductibles would be due. Although the homeowners made 636 claims against Lenox, Lenox made only three

4                                                                                                16-16952

claims against Yarbrough.  Nor is it of any consequence, as ProBuilders suggests, that Yarbrough would be obligated to pay 636 deductibles if the homeowners had sued Yarbrough directly.  Under California law, "[t]he proper question is whether the provision or word is ambiguous in the context of *this* policy and the circumstances of *this* case." *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 389 (Cal. 2004) (citation and brackets omitted); *see also Clarendon Am. Ins. Co. v. N. Am. Capacity Ins. Co.*, 112 Cal. Rptr. 3d 339, 353 (Ct. App. 2010).

    **AFFIRMED**.